**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ESTATE OF ARLENE TOWNSEND,
ESTATE OF ELVIRA NUNZIATA,
ESTATE OF JAMES HENRY JONES,
ESTATE OF JOSEPH WEBB, ESTATE
OF OPAL LEE SASSER and ESTATE
OF JUANITA JACKSON,

  Appellants,

v.               Case No: 8:22-cv-1156-CEH

BETH ANN SCHARRER,
SHUMAKER, LOOP & KENDRICK,
LLP and GENOVESE, JOBLOVE &
BATTISTA, P.A.,

  Appellees.
_____/

## ORDER

  This matter comes before the Court on Chapter 7 Trustee, Beth Ann Scharrer's Motion to Dismiss Appeals for Lack of Appellate Jurisdiction under 28 U.S.C. § 158(a) (Doc. 31), filed on September 2, 2022. In the motion, the Trustee requests the Court enter an order dismissing the appeal in this action, and in the consolidated cases, for lack of jurisdiction. The Appellants filed a response in opposition. Doc. 33. The Court heard argument on the motion on September 13, 2022. Having considered the motion, heard argument of counsel, and being fully advised in the premises, the Court will grant Chapter 7 Trustee, Beth Ann Scharrer's Motion to Dismiss Appeals for Lack of Appellate Jurisdiction under 28 U.S.C. § 158(a). The appeal in this case and the

appeals in the related consolidated cases numbered 8:22-cv-1470-CEH and 8:22-cv-1471-CEH will be dismissed.

## DISCUSSION

In this bankruptcy appeal, Appellants seek review of the bankruptcy court's order (Doc. 2-2) granting in part the Amended Joint Motion for Fee Audit, Appointment of Fee Examiner and for Final Evidentiary Hearing.[1] Two other pending appeals with motions related to the appointment of the fee expert and the protocols associated with his duties and appointment have been consolidated into this appeal for briefing purposes. *See* Doc. 29.

Appellee, the Trustee, now moves to dismiss the appeals for lack of jurisdiction because the orders appealed are not final and appealable as of right under 28 U.S.C. § 158(a)(1). As discussed at the hearing, the Court agrees. Under 28 U.S.C. § 158(a), a district court has jurisdiction to hear appeals:

> (1) from final judgments, orders, and decrees;
> (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and
> (3) with leave of the court, from other interlocutory orders and decrees;
> of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

---

[1] In its orders, the bankruptcy court appointed Professor Bruce Markell to serve as a court-appointed expert pursuant to Fed. R. Evid. 706, 11 U.S.C. § 105(a), and the court's inherent authority. *See* Doc. 2-2 ¶ 2.

28 U.S.C. § 158(a). Although counsel for Appellants argued at the hearing that the bankruptcy orders appointing the fee examiner are "final" orders, Appellants' argument is unpersuasive. "An order is not final for appellate review when it merely disposes of an incidental procedural matter during the proceedings in bankruptcy court." *In re Tidewater Grp., Inc.*, 734 F.2d 794, 796 (11th Cir. 1984) (internal quotation omitted). Incidental procedural matters are at issue in the orders on appeal here, and thus the orders are not final, appealable orders. The Court lacks jurisdiction to consider them.

Under paragraph (a)(3) of 28 U.S.C. § 158, a district court *may* exercise its discretion to consider on appeal an interlocutory order issued by the bankruptcy court. However, such appeal of an interlocutory order will be permitted only if "(1) the order presents a controlling question of law (2) over which there is substantial ground for difference of opinion among courts, and (3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation." *Celotex Corp. v. AIU Ins. Co.* (*In re Celotex Corp.*), 187 B.R. 746, 749 (M.D. Fla. 1995) (noting that in exercising its discretion, "a district court will look to the standards which govern interlocutory appeals from the district court to the court of appeals pursuant to 28 U.S.C. § 1292(b)"). The party seeking interlocutory review "bears the burden of persuading the court that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Flying Cow Ranch HC, LLC v. McCarthy*, No. 19-cv-80230, 2019 WL 1258780, at *3 (S.D. Fla. Mar. 19, 2019) (citations and internal quotation marks omitted). Appellants fail to

3

carry their burden here.[2] Nothing about the orders appointing a fee examiner, identifying the examiner's duties, scheduling a hearing, and setting protocols necessitates an immediate resolution of the case, nor would consideration of the orders on appeal materially advance this case to conclusion. The orders are ministerial and administrative in their effect and do not constitute exceptional circumstances to justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.

The Court lacks jurisdiction to consider the orders appealed as they are not final, appealable orders. Further, Appellants have failed to carry their burden to establish a basis for the Court's exercise of jurisdiction to consider the consolidated appeals of the interlocutory procedural orders under 28 U.S.C. § 158(a)(3). Because the Court lacks jurisdiction, the Court declines to stay the appeal as proposed by Appellants' counsel. Accordingly, it is

**ORDERED**:

1.      Chapter 7 Trustee, Beth Ann Scharrer's Motion to Dismiss Appeals for Lack of Appellate Jurisdiction under 28 U.S.C. 158(a) (Doc. 31) is **GRANTED**.

2.      This appeal is **DISMISSED** for lack of jurisdiction.

3.      The Clerk is directed to terminate any pending motions and deadlines and **CLOSE** this case.

---

[2] Additionally, the Court observes that Appellants' Notice of Appeal was procedurally defective as it failed to include a motion requesting leave to appeal an interlocutory order as required by Federal Rule of Bankruptcy Procedure 8004.

4.  The appeals in Case Nos. 8:22-cv-1470-CEH and 8:22-cv-1471-CEH are **DISMISSED** for lack of jurisdiction. The Clerk is further directed to file a copy of this Order in Case Nos. 8:22-cv-1470-CEH and 8:22-cv-1471-CEH, terminate any pending motions and deadlines in those cases and **CLOSE** them.

**DONE AND ORDERED** in Tampa, Florida on September 13, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any